IRVING, J.,
DISSENTING:
¶27. I agree with the majority that Kelley came into court with unclean hands, but I disagree that this fact precluded the chancellor from considering a modification of Kelley’s child support obligations. Therefore, I dissent from this portion of the majority opinion.
¶ 28. This Court, following Brennan v. Brennan, 605 So.2d 749 (Miss.1992), has on at least three occasions held that once a judgment has been entered against a defendant for the amount of past-due child support, the judgment cleanses the defendant’s hands, allowing the court to then consider whether a modification is proper. See Howard v. Howard, 913 So.2d 1030, 1043(¶ 28) (Miss.Ct.App.2005); Cook v. Whiddon, 866 So.2d 494, 500(¶ 22) (Miss. Ct.App.2004); Lane v. Lane, 850 So.2d 122, 127(¶ 14) (Miss. Ct.App .2002).
¶ 29. Although we were clear in Howard, Whiddon, and Lane that a judgment for the past-due amounts of child support cleanses a defendant’s hands so that a court of equity may award him some relief on a motion for modification if the facts warrant it, we have not always been consistent. See Dill v. Dill, 908 So.2d 198, 202 (¶¶ 12-13) (Miss.Ct.App.2005) (holding that the clean hands doctrine prevented the chancellor from considering the appellant’s petition for modification). That we have sometimes strayed is no reason to continue to do so today. I would reverse and remand for consideration of Kelley’s motion for modification, because as I understand the record, the trial court had granted a judgment for all ■ past due amounts owed by Kelley before denying his motion for modification based on the doctrine of unclean hands.
¶ 30. For the reasons expressed, I dissent.
LEE, P.J. AND BARNES, J., JOIN THIS OPINION.